IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PAN-AMERICAN ASSURANCE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:14-CV-994-WKW |
| MARY ANN ALEXANDER and LORI NICOLE MOORE, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Pan-American Assurance Co.'s Motion for Default Judgment.  (Doc. # 17.)  For the reasons that follow, Pan-American's motion is due to be granted.

## I.  JURISDICTION AND VENUE

The requirements of 28 U.S.C. § 1335 for this court's exercise of subject-matter jurisdiction are satisfied because:  1) this action involves an insurance policy in excess of $500; 2) two or more adverse claimants have claimed an entitlement to the proceeds of the policy; 3) the citizenship of two or more of the claimants is diverse; and 4) Pan-American has deposited the insurance policy proceeds at issue into the court's registry.  The court exercises personal jurisdiction over Defendants pursuant to 28 U.S.C. § 2361.  Venue is not contested.

## II.  BACKGROUND

Pan-American brought this statutory interpleader action on September 26, 2014, for a judicial determination of the rightful beneficiary of an adjustable term-life insurance policy, number 9200885800 ("Policy").  *See* 28 U.S.C. § 1335.  In 1994, Pan-American issued the Policy, which has a $25,000 face value, to Stephen Alexander.  Mr. Alexander died in July 2014, and the benefits under the Policy are due and payable.  But, as alleged, Defendants, who are Mr. Alexander's ex-wife (Mary Ann Alexander) and his daughter (Lori Nicole Moore), made competing claims for the Policy proceeds.  In the Complaint, Pan-American requests that the court enter an order (1) permitting it to deposit the Policy proceeds into the court's registry, (2) discharging it from all liability under the Policy and dismissing it as a party, (3) determining the proper claimant to the Policy proceeds, (4) enjoining Defendants from commencing any other action seeking recovery of the Policy proceeds, and (5) awarding it attorney's fees and costs.

Pan-American perfected service on Ms. Alexander on October 6, 2014, and on Ms. Moore on October 8, 2014.  Neither Defendant responded to the Complaint or otherwise defended; therefore, upon Pan-American's application for entry of default, the Clerk of the Court entered Defendants' default on February 26, 2015.  Pan-American now moves the court to enter default judgment against Defendants, permanently enjoining and restraining them from instituting or pursuing any state or

2

federal court action for the recovery of the Policy proceeds.[1]  It also moves for an order discharging it from further liability and for dismissal from this action. Notably, Pan-American no longer requests a judgment with respect to which Defendant is entitled to the proceeds.

## III.  DISCUSSION

The following discussion addresses Pan-American's requests for an Order discharging it from further liability to Defendants with respect to the Policy proceeds and for dismissal (Part III.A) and its motion for default judgment against Defendants (Part III.B).

## A.      <u>Pan-American's Requests for Discharge and Dismissal</u>

Pan-American requests the court to discharge it from further liability to Defendants with respect to the Policy proceeds and dismiss it from this action. Pursuant to 28 U.S.C. § 2361, in an interpleader action, the district court "may discharge the plaintiff from further liability."  "Before discharging a stakeholder under § 2361, the court must first determine whether the requirements of 28 U.S.C. § 1335 . . . have been met."  *Mendez v. Teachers Ins. & Annuity Ass'n & Coll. Ret. Equities Fund*, 982 F.2d 783, 787 (2d Cir. 1992).  Additionally, "[w]hen the stakeholder has no interest in the funds in controversy, it is appropriate to dismiss the stakeholder from the action once the stakeholder has deposited the funds . . . ."

---

[1] A prior order permitted Pan-American to deposit the funds at issue into the court's registry, and Pan-American has deposited the funds.

*Metro. Life Ins. Co. v. Bell*, No. 6:14cv473, 2014 WL 8021562, at *7 (M.D. Fla. Oct. 9, 2014), report and recommendation adopted by 2015 WL 926040 (M.D. Fla. Mar. 4, 2015).

The requirements of § 1335 are met, including the deposit of the Policy proceeds into the court's registry, as found in Part I.  Moreover, there is no indication in the record that Pan-American, as the stakeholder which asserts no claim to the stake, has any further obligations under the Policy with respect to Defendants.  Accordingly, Pan-American's requests for a discharge and dismissal are due to be granted.

**B.     Pan-American's Motion for Default Judgment**

Pan-American moves for a default judgment that enjoins Defendants pursuant to § 2361 from commencing any court action for the recovery of the Policy proceeds.  *See Metro. Life Ins. Co. v. London*, No. 12cv1067, 2013 WL 2181295, at *1 (M.D. Ala. May 20, 2013) ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted." (citation and internal quotation marks omitted)).  The record reflects that Pan-American has complied with the procedural requirements for obtaining a default judgment, as it has secured an entry of default from the Clerk of the Court based upon each Defendant's failure to make an appearance in this action or otherwise offer a defense.  *See* Fed. R. Civ. P. 55(a).  In

WmK\WC

defaulting, Defendants "admit[ ] the plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] And the well-pleaded allegations in the Complaint demonstrate a "sufficient basis" to support Pan-American's request for a permanent injunction against Defendants prohibiting them "from instituting or prosecuting any proceeding in any State or United States court affecting" the Policy proceeds. § 2361. Accordingly, Pan-American's Motion for Default Judgment is due to be granted.

## IV.  CONCLUSION

Based upon the foregoing, it ORDERED as follows:

(1)     Pan-American's Motion for Default Judgment (Doc. # 17) is GRANTED;

(2)     Defendants – and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them – are PERMANENTLY RESTRAINED and ENJOINED from instituting or prosecuting any proceeding in any State or United States court affecting the policy proceeds involved in this interpleader action until further order of this court;

(3)     Pan-American is DISCHARGED from all liability with regard to claims to the interpleaded funds and is DISMISSED as a party to this lawsuit;

---

[2] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *See* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

(4)     The Clerk of the Court is DIRECTED to take all necessary and appropriate steps to manage or store the funds as unclaimed funds until further order of the court; and

(5)     The Clerk of the Court is DIRECTED to serve a copy of this Memorandum Opinion and Order and the Final Judgment on Defendants by first-class mail.

The Final Judgment will be entered separately.

DONE this 21st day of April, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
